STATE *v.* THE GREAT ATLANTIC & PACIFIC TEA COMPANY OF AMERICA

(No. 6985)

Submitted October 6, 1931.   Decided October 13, 1931.

*J. W. Vandervort* and *R. E. Bills,* for plaintiff in error.
*Howard B. Lee,* Attorney General and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

Defendant appeals from conviction of a short weight sale, in alleged violation of Code 1923, chapter 59, section 29.

The prosecuting witness testified that she asked for a pound of cheese in one of defendant's stores in Parkersburg, on or about February 6, 1930, and that the cheese was quoted to her at 29c a pound; that one of defendant's clerks picked up a piece of cheese, which had already been cut, and after weighing it, wrapped and delivered it to the witness, who paid 29c therefor; that the smallness of the package aroused her suspicion and she had it weighed in a nearby store, where it weighed about 12 1-2 ounces. The package was then turned over to the local sealer of weights and measures, who testified that it weighed 12 1-2 ounces; that several months before this occurrence and a few days afterwards, he tested the scales of the defendant and in each instance found them to weigh correctly.

The clerk who made the sale says now she has no memory of the transaction, due to lapse of time and the large number of customers served daily in the store. The defendant proved that all employees, including the one who made the sale, had, prior thereto, received instructions to give full weight, and not to charge for more weight than was given; that it has 15,000 stores in the United States; and that this is the only incident of this kind reported to have occurred in any of them, in the knowledge of several of its officials who were witnesses.

The part of the statute applicable is as follows: "Any person who, by himself or by his servant or agent, or as the servant or agent of another person shall knowingly offer or expose for sale, sell, use in the buying or selling of any commodity or thing or for hire or award, or retain in his possession a false weight or measure or weighing or measuring device which has not been sealed by a sealer or deputy sealer of weights and measures within one year, or shall dispose of any measure, or weighing or measuring device contrary to law, or remove any tag placed thereon by a sealer or deputy sealer of weights and measures; or who shall sell or offer or expose for sale less than the quantity he represents * * * shall be guilty of a misdemeanor * * *."

It is too elementary to call for citation of authority that under the common law it has been the general rule for centuries that there can be no crime without criminal intent. (Such

intent is of course the offspring of knowledge express or implied.) It is contended by the state, however, that the legislature has the power to eliminate the element of intent from statutory crimes. Even so, that purpose should be so clearly expressed as to leave no room for doubt. The brief for the state analyzes the statute as follows: "This section is divisible into five separate parts, each part specifically separated by a semi-colon. On examination of this statute, it is noted significantly that the word, 'knowingly', is in the first part only, and that this word is not contained in any of the subsequent parts of this section. In anticipation of the defense argument on this point, we respectfully submit that the word, 'knowingly', was deliberately omitted from the other separate parts contained within this section." In construing the statute "the subject matter of the prohibition, as well as the language of the statute" may be considered. 16 C. J., p. 77. The use of a false weight and a short weight sale are equally fraudulent, and equally reprehensible; therefore no reason whatsoever is apparent why the legislature should make knowledge an element of the one crime, yet dispense with it as an element of the other. Where a merchant employs a large number of salesmen, as does the defendant, it is physically impossible for him to supervise personally every sale. Consequently, the construction of the statute sought by the state would make criminal an act which the utmost good faith and care of the merchant could not prevent. Such a departure from the common law, so violative of traditional conceptions of justice and so unfair to honorable merchants, is not to be inferred from the mere placement of a semi-colon, as contended by the state. We are therefore of the opinion that the word "knowingly" as applied directly to the use of a false weight, also extends to the sale of a short weight, and that the state has made no case against the defendant because of its failure to show knowledge (express or implied) of the short weight of the alleged sale.

The judgment of the lower court is reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Judgment reversed, set aside.*