JOSEPH CARY MILLER

*v.*

STATE OF TENNESSEE.

358 S.W.2d 324.

(*Knoxville,* September Term, 1961.)

(May Session, 1962.)

Opinion filed June 5, 1962.

LYLE BURROW, Bristol, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, Nashville, for defendant in error.

MR. JUSTICE DYER delivered the opinion of the Court.

In this opinion plaintiff in error, Joseph Cary Miller will be referred to as Defendant, and defendant in error the State of Tennessee as the State.

In December 1957 Defendant was arrested by a member of the Bristol Police Department and he confessed to taking certain medicine from the plant of S. E. Massengill

Company where he was employed. The medicine was Semoxydrine Hydrochloride (7.5 mg.) packaged in bottles of 1000 tablets commonly referred to as "Bennies." This medicine was obtainable by the public only on a doctor's prescription.

Defendant in his confession stated shortly after he went to work for Massengill in April 1957 he was approached by Robert Heathcote requesting Defendant to bring him some "Bennies" from the Massengill Plant, and he would pay $15.00 per thousand for them. Defendant stated that he delivered 92,000 of these tablets to Heathcote and 12,000 to Roy Hicks, and he would get them each time when Heathcote or Hicks contacted him, and stated they wanted some more. He stated his manner of taking them out was either under his shirt or in his pocket. Defendant stated most of the tablets taken were in bottles of 1000 tablets in each.

Defendant told officers where Heathcote and Hicks kept the tablets, and upon obtaining a search warrant the officers found 27,000 "Bennies" in Heathcote's living room, 24,000 in Hicks' automobile, and 22,000 in Hicks' home. A witness for the state identified these bottles as coming from the Massengill Company.

The State offered proof the taking of these tablets was in July, September, November and December 1957, and the fair market value of the bottles taken was $7.00 each.

Defendant offered no evidence in his behalf.

The assignments of error are summarized as follows:

(1) The evidence preponderates against the verdict and in favor of the innocence of the accused.

(2) Defendant's confession should not have been admitted because of failure to prove the corpus delicti of the offense.

Under this proof the verdict of the jury shows Defendant was convicted of three separate offenses, grand larceny for which he was awarded punishment of three years in the State Penitentitary and two convictions of petit larceny for which he was awarded one day in jail for each offense. The indictments are not included in the record. The Trial Judge's instructions to the jury indicates Defendant was indicted in four separate indictments, two for grand larceny and two for petit larceny. No effort apparently was made during the trial of the case to indicate what evidence was offered in support of a particular indictment but offered as if there were only one charge against the Defendant.

Under Section 39-4203, T.C.A. grand larceny is the felonious taking and carrying away personal goods over the value of $100.00. Counsel for Defendant argues there is no proof the taking of property at any one time over the value of $100.00 and the conviction for grand larceny is error. A witness for the State testified Defendant told him fifteen was the most he ever took at one time. Under the view we take of the case it is not necessary to decide if there is proof in the record of the taking at one time of property the value of over $100.00.

In the case of *Nelson v. State*, 208 Tenn. 179, 344 S.W. 2d 540, the defendants were convicted of fraududent breach of trust, which under the statute is punishable the same as larceny. Defendants were officers of a trade union and their acts consisted of cashing a number of checks over a period of nearly two years on the union

account, and converting the money to their own use. No one of the checks cashed was over $100.00, but the total amount was several thousand dollars. Since the amount taken at any one time would not exceed $100.00 the defendants contended their sentence could not be greater than that for petit larceny; rather than the sentence for grand larceny which they received. This Court in this case made the following statement:

"The six assignments of error all hinge on the proper answer to the question of whether or not this appropriation of these funds of the Union, through cashing a series of checks, constituted a single, continuing impulse or intent pursuant to the execution of a general larcenous scheme?

"As far as we can find, or have been cited by able counsel, there is no direct authority in this State, but the general law seems to be in other States that if each taking of these separate checks is the result of a separate independent impulse or intent each taking is a separate crime, but "On the other hand, where it appears that successive takings are actuated by a single, continuing, criminal impulse or intent or are pursuant to the execution of a general larcenous scheme, it has been held or stated that such successive takings constitute a single larceny, regardless of the extent of the time which may have elapsed between each taking." 136 A.L.R., 948, 950. In this note the cases pro and con on the question are ably annotated. This annotation further very correctly says that "Whether a series of successive acts of taking constitutes several thefts or one single crime must be determined by the particular facts and circumstances of each case."

■ We are of the opinion the particular facts and circumstances of this case leave no doubt the taking of this property for sale as needed was pursuant to the execution of a general larcenous scheme. It is not argued the value of all the property taken by Defendant did not exceed $100.00.

■ Defendant contends there is no proof of the corpus delicti, therefore it was error to admit his confession. Wilbur E. Jones the production manager for S. E. Massengill Company testified bottles of Semoxydrine were missing from the stock of the company during the time the State contends Defendant took them. A great number of these "Bennies" were found by the officers in possession of Heathcote and Hicks, when normally this medicine could only be secured by a doctor's prescription would give rise to an inference that they were stolen or otherwise obtained illegally. We think this proof establishes the corpus delicti.

■■ Only two witnesses testified in this case and the confession was admitted prior to all the necessary proof to establish the corpus delicti, but the order of the proof is a matter of discretion with the trial judge; and if error it is not reversible error. *Taylor v. State,* 191 Tenn. 670, 235 S.W.2d 818.

The two convictions for petit larceny are reversed and dismissed. The conviction for grand larceny is affirmed.