422 S.E.2d 489

188 W.Va. 12

**STATE of West Virginia, Plaintiff Below, Appellant,**

v.

**Jay Montgomery BROWN, Defendant Below, Appellee.**

**No. 20472.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 22, 1992.

Decided July 10, 1992.

specific intent to convict a public official of embezzlement.

On August 31, 1990, a Marion County grand jury indicted Mr. Brown on twenty-one counts, including seventeen felony embezzlement counts. The indictments concerning embezzlement alleged that Mr. Brown had unlawfully and feloniously misappropriated State or county funds and converted them for his own use in violation of West Virginia Code § 61-3-20.[1]

Mr. Brown moved to dismiss the embezzlement counts on the grounds that they failed to include any allegation of intent and did not refer to the crime of embezzlement other than by a citation to West Virginia Code § 61-3-20. In response to the motion to dismiss, the State argued that intent is not an element of the crime of embezzlement by a public official as that offense is embodied in the second paragraph of West Virginia Code § 61-3-20. With regard to Mr. Brown's claim that he was not properly apprised of the embezzlement offenses, the State maintained that he had been sufficiently informed of the offenses with which he had been charged because the indictments made specific reference to the statutory section he was accused of violating and substantially tracked the applicable language of West Virginia Code § 61-3-20.

Following a hearing on Mr. Brown's motion to dismiss, the trial court entered an order dated June 28, 1991, dismissing the seventeen felony embezzlement counts for failure to allege intent. It is from that order that the State now appeals.

■ This case presents an issue of first impression regarding whether intent is an element of the crime of embezzlement by a public official. The statute at issue, West Virginia Code § 61-3-20, provides in pertinent part as follows:

> If any officer, agent, clerk or servant of this State, or of any county, district, school district, or municipal corporation, or of any banking institution, or other corporation, or any officer of public trust in this State, or any agent, clerk or serv-

Joanna I. Tabit, Sp. Asst. Pros. Atty., Charleston, for appellant.

Darrell W. Ringer, Patricia H. Stiller, Ringer, Cavender, Hansen & Stiller, Morgantown, for appellee.

WORKMAN, Justice:

The State of West Virginia appeals from an order of the Circuit Court of Marion County dismissing seventeen felony embezzlement counts against the appellee, Jay Montgomery Brown, the former prosecuting attorney of Marion County. The trial court dismissed the felony embezzlement counts based on its determination that embezzlement by a public official is a crime requiring proof of specific intent. The circuit court ruled that the State's failure to aver intent rendered the embezzlement counts fatally defective. Having fully reviewed the facts of the case in conjunction with the applicable statute, we reverse the circuit court's finding that West Virginia Code § 61-3-20 (1989) requires proof of

---

1. The funds at issue include restitution moneys for crime victims and a criminal investigation account. Mr. Brown allegedly used money from these two sources for travel advances, State Bar dues, national and state conferences, a computer, and a personal gun permit.

**14**

ant of any firm or person, or company or association of persons not incorporated, embezzle or fraudulently convert to his own use, bullion, money, bank notes, drafts, security for money, or any effects or property of any other person, which shall have come into his possession, or been placed under his care or management, by virtue of his office, place or employment, he shall be guilty of the larceny thereof. If such guilty person be an officer, agent, clerk or servant of any banking institution, he shall be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than ten years. And it shall not be necessary to describe in the indictment, or to identify upon the trial, the particular bullion, money, bank note, draft or security for money which is so taken, converted to his own use, or embezzled by him....

*And whenever any officer,* agent, clerk *or servant of this State, or of any county,* district, school district, or municipal corporation, *shall appropriate or use for his own benefit, or for the benefit of any other person, any* bullion, *money,* bank notes, drafts, security for money, *or funds, belonging to this State or to any such county,* district, school district or municipal corporation, *he shall be held to have embezzled the same,* and be guilty of the larceny thereof. In the prosecution of any such officer, agent, clerk or servant of this State or of any county, district, school district, or municipal corporation, charged with appropriation or use for his own benefit or the benefit of any other person, any bullion, money, bank notes, drafts, security for money, or funds, belonging to this State or to any county, district, school district or municipal corporation, it shall not be necessary to describe in the indictment, or to identify upon the trial, the particular bullion, money, bank notes, drafts, security for money, or funds, appropriat-

ed or used for his own benefit or for the benefit of any other person....

W.Va.Code § 61–3–20 (emphasis supplied).

We previously examined this state's embezzlement statute in *State ex rel. Cogar v. Kidd,* 160 W.Va. 371, 234 S.E.2d 899 (1977). At issue in *Cogar* was the constitutionality of the presumption of guilt created by West Virginia Code § 61–3–20. Regarding those presumptions we said:

Two unconstitutional presumptions are contained in the statute. The reason there are two presumptions is that *the embezzlement statute contains two separate embezzlement offenses.* Both presumptions were added to the embezzlement statute by Chapter 18 of the 1903 Acts of the Legislature, when the statute was substantially amended and a new substantive crime, relating solely to embezzlement by public officials, was added. This offense is currently found in the first sentence of the second paragraph of *W.Va. Code,* 61–3–20.

160 W.Va. at 373, 234 S.E.2d at 900–01 (emphasis supplied). Mr. Brown's argument that only one type of embezzlement is delineated in West Virginia Code § 61–3–20 is negated by this Court's discussion in *Cogar* concerning the inclusion of two separate offenses in the statute.[2] West Virginia Code § 61–3–20 clearly provides for two separate embezzlement offenses: a general embezzlement offense and a specific offense pertaining only to public officials. *See Cogar,* 160 W.Va. at 373, 234 S.E.2d at 901.

That the Legislature intended two separate offenses is further illustrated by contrasting the statutory language in the first paragraph which defines the crime of embezzlement in general to the second paragraph which defines a specific type of embezzlement—one that is perpetrated by a public official. The operative language in the first paragraph of West Virginia Code § 61–3–20 is "embezzle or fraudulently

---

**2.** Mr. Brown suggests that there is only one embezzlement offense created by West Virginia Code § 61–3–20 "with separate circumstances distinguishing the nature of the property being embezzled." Mr. Brown continues this argument by stating that "[t]he only differences between the two paragraphs are that the circum-

stances specified in the second paragraph apply if the money or property belongs to the 'State or county,' rather than to another 'person' ...; and that the official may commit embezzlement of public funds by appropriation or use of such funds to the benefit of himself or someone else, rather than just to his own use...."

convert to his own use," whereas the second paragraph which pertains specifically to public officials requires only that the individual "appropriate or use for his own benefit, or for the benefit of any other person."

Mr. Brown vehemently argues that the crime of embezzlement, as that offense is defined in West Virginia Code § 61–3–20, includes the element of criminal intent to permanently deprive an owner of the use of his property. The recognized definition of embezzlement in its general sense admittedly involves the element of intent to deprive an owner of the use of entrusted property. *See* Syl.Pt. 2, *State v. Moyer*, 58 W.Va. 146, 52 S.E. 30 (1905).[3] But, as we have previously noted,

> the crime of embezzlement by a public official does not contain as many elements of proof as the general embezzlement crime. It is generally recognized that the Legislature may set higher standards on public officials by defining embezzlement by public officials without all of the elements found in the general embezzlement statutes.

*Cogar*, 160 W.Va. at 375, 234 S.E.2d at 901, n. 4 (emphasis supplied). Moreover, it is well-established that the intent element of embezzlement is often watered down when the crime involves public officials. *See* 2 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 8.6(g) (1986); *see also* 3 Charles E. Torcia, *Wharton's Criminal Law* § 414 (14th ed.1980).

The simple explanation for reducing or eliminating the intent element of embezzlement where the crime is committed by a public official is the fact that public officials are not as closely monitored by their employer, the public, as employees in the general sector. *See* LaFave & Scott, *supra* at § 8.6(g). As the State posits, because misuse of public funds is a matter of the general public welfare, it is entirely appropriate to hold public officers to an exacting standard of conduct and that standard may, if the Legislature so chooses, eliminate the element of intent necessary to prosecute a non-public official. *See Cogar*, 160 W.Va. at 375, 234 S.E.2d at 901, n. 4.

While Mr. Brown does not dispute the legislative prerogative to dispense with the element of intent in a statutory crime, he maintains that the Legislature's decision to eliminate the intent element must be "clearly expressed." *State v. Great Atl. & Pac. Tea Co. of America*, 111 W.Va. 148, 150, 161 S.E. 5 (1931). The State argues, and we agree, that the intention of the Legislature to eliminate intent as an element pertaining to the crime of embezzlement by a public official is demonstrated by the glaringly different language which describes the acts required to constitute an embezzlement. Noticeably absent in the second paragraph of West Virginia Code § 61–3–20 is the requirement that the accused "embezzle or fraudulently convert to his own use." The Legislature obviously intended to create a higher standard for a public official by merely requiring such an individual to "appropriate or use for his own benefit, or for the benefit of any other person" to be guilty of embezzlement. Had the Legislature intended to hold public officials to the same standard as non-public officials, we believe that the operative language of the second paragraph of West Virginia Code § 61–3–20 would parallel that of the first paragraph. Contrary to Mr. Brown's advancements, this Court believes that the Legislature has "clearly expressed" its decision to hold public officials to a higher standard by the noticeable choice of different terms describing the acts necessary to constitute embezzlement under each of the two separate offenses described in West Virginia Code § 61–3–20.

---

**3.** In *Moyer*, we ruled that the following elements must be proven to constitute the statutory offense of embezzlement:

(1) the trust relation of a person charged, and that he falls within that class of persons named; (2) that the property or thing claimed to have been embezzled or converted is such property as is embraced in the statute; (3) that it is the property of another person; (4) that it came into the possession, or was placed in the care, of the accused, under and by virtue of his office, place or employment; (5) that his manner of dealing with or disposing of the property, constituted a fraudulent conversion and an appropriation of the same to his own use, and (6) that the conversion of the property to his own use was with the intent to deprive the owner thereof.

Syl.Pt. 2, 58 W.Va. 146, 52 S.E. 30.

We further recognize that the Legislature has acted within its constitutional limitations by defining embezzlement to include the acts of misuse or misapplication of public funds by a public official. *See Cogar,* 160 W.Va. at 375–76, 234 S.E.2d at 902.

■ Having decided that the crime of embezzlement by a public official, as that offense is set forth in West Virginia Code § 61–3–20, is not a specific intent[4] crime, the next question that arises is what degree of mens rea is necessary to convict a public official under our embezzlement statute. The Supreme Court of Nebraska adjudicated this very issue in *Haines v. State,* 170 Neb. 304, 102 N.W.2d 609 (1960). The defendant in *Haines,* a justice of the peace, argued that the information charging him with embezzlement of fines collected by him in his official capacity was defective because it did not charge him with intent to defraud the State of Nebraska or Buffalo County. *See* 102 N.W.2d at 614. The statute at issue in *Haines* provided, in relevant part, that when:

> 'any officer ... charged with the collection, receipt, safekeeping, transfer or disbursement of the public money, ... belonging to the state or to any county ... shall convert to his own use, or the use of any other person ... in any way whatever, ... any portion of the public money ... received, controlled or held by him for safekeeping, transfer or disbursement, ... every such act shall be deemed and held in law to be an embezzlement....'

*Id.* (quoting Neb.Rev.Stat. § 28–543 (1943)). In addressing the degree of intent necessary to convict a public official for embezzlement, the *Haines* court noted that:

> '[i]f a statute makes it a felony for a public officer knowingly and unlawfully to appropriate to his own use or to the use of any other person money received

by him in his official capacity, it is not necessary, to constitute the offense of embezzlement, that there be an intent to appropriate the money so as forever to exclude the rightful owner from its use and possession. *The purpose of the statute is to prevent any public official from using the money or property coming to him in his official capacity for any purpose other than the one for which the money or property was intrusted to him.'*

102 N.W.2d at 615 (quoting 18 Am.Jur. *Embezzlement* § 40 at 597 (1938) and emphasis supplied).

The *Haines* court reasoned that if a public official " 'does knowingly use it (money or property coming to him in his official capacity), or permit others to do so, for other purposes than the one for which it was intrusted to him, then he comes within the provisions of the statute.' " 102 N.W.2d at 615 (quoting *People v. Warren,* 122 Mich. 504, 81 N.W. 360, 367 (1899)). Recognizing that " 'under some statutes, especially those relating to the embezzlement of public funds, the offense consists in the violation of the statute and not the intent or motive by which the accused is actuated,' " the court ruled in *Haines* that the offense of embezzlement "consists in ... violation of the statute (use of public money for any purpose other than the one for which the money was entrusted to the official), whether or not the public official fraudulently intended to do so." 102 N.W.2d at 615–16 (quoting 29 C.J.S. *Embezzlement* § 12 at 687); *see also State v. Williams,* 188 Neb. 565, 198 N.W.2d 187, 188 (1972) (noting that fraudulent intent is not an essential element of the offense of embezzlement by a public official); *Landrum v. State,* 60 Okla.Crim. 259, 63 P.2d 994, 997 (1936) (criminal intent not element of crime of embezzlement by public official

---

4. We use the terminology "specific intent" in its "most common usage" which "is to designate a special mental element which is required above and beyond any mental state required with respect to the *actus reus* of the crime." Wayne R. LaFave & Austin W. Scott, Jr., *Handbook on Criminal Law* § 28 at 202 (1972). To illustrate, common-law embezzlement (and statutory embezzlement pursuant to paragraph one of W.Va. Code § 61–3–20; i.e. embezzlement which does

not involve a public official) requires as an element of proof that the defendant intended to permanently deprive an owner of the use of his property. This particular element of proof is what renders garden variety embezzlement a specific intent offense. As this opinion explains, embezzlement by a public official is not a specific intent crime because proof that the public official intended to deprive the public of its property is not required.

because "such intent was presumed when funds held in trust by a county treasurer by virtue of his office, were applied other than as permitted by law").

Although we conclude that the crime of embezzlement by a public official is not a specific intent crime, the intent[5] to commit the act or acts that results in the misappropriation or misuse is still necessary to convict a public official under the second paragraph of West Virginia Code § 61–3–20. *See Webb v. Superior Court,* 202 Cal. App.3d 872, 248 Cal.Rptr. 911, 918 (1988) (citing *People v. Dillon,* 199 Cal. 1, 248 P. 230 (1926)). As the *Dillon* court explained, statutes like West Virginia Code § 61–3–20 which define embezzlement by public officials as the mere use of public funds contrary to authorization do not require specific intent, only the intentional commission of the act which constitutes a forbidden use of the funds. *See* 248 P. at 232. Expounding on the legislative prerogative to eliminate intent and the rationale underlying statutes in which this prerogative is invoked, the *Dillon* court stated:

> No one will deny the power or right of the Legislature to provide that embezzlement of public moneys is committed by a public officer when he uses public funds in a manner forbidden by law, even though he may have no fraudulent intent when he does so. To render a person guilty of crime it is not essential to a conviction that the proof should show such person to have entertained any intent to violate law.... It is sufficient that he intentionally committed the forbidden act....
>
> ... [T]here must be an intent to do the forbidden thing or commit the interdicted act. It furnishes no basis for the claim that there must exist in the mind of the transgressor a specific purpose or intent to violate law. If it were so, innumerable statutes would be rendered ineffectual.

*Id.* (citations omitted).

Imposing the requirement that the public official must have intended to commit the act which constitutes a violation of West Virginia Code § 61–3–20 should eliminate Mr. Brown's concern that an unintentional expenditure of public funds by a public official would amount to embezzlement since the statute makes the mere "use" of such funds a crime. If in fact a mistaken and unintentional expenditure was committed, the public official could not be found to have committed the violative act with the requisite intent necessary to find him or her guilty of embezzlement. Accordingly, we rule that while proof of intent to steal or misappropriate is not required, proof that the public official intended to do the act or acts that resulted in the embezzlement is necessary to convict a public official of embezzlement pursuant to the second paragraph of West Virginia Code § 61–3–20.

Based on the foregoing opinion, the decision of the Circuit Court of Marion County is hereby reversed and the circuit court is directed to reinstate the dismissed indictments.

Reversed.

---

5. Consistent with the Model Penal Code's recommendation, we decline to define this intent as "'general intent,' which has been an abiding source of ambiguity and of confusion in the penal law." Model Penal Code § 2.02, Comment (Tent. Draft No. 4, 1955); *see also* LaFave & Scott, *supra,* note 4, § 28 at 201–02.