# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0408** (Greenbrier County 09-F-133)

**Michael Kevin Brammer,**
**Defendant Below, Petitioner**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Paul S. Detch, arises from the Circuit Court of Greenbrier County, wherein the circuit court sentenced petitioner to a term of incarceration of one to five years for his jury conviction of one count of conspiracy to commit embezzlement by order entered February 27, 2012. The State, by counsel Benjamin F. Yancey III, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

From January of 2007 through February of 2009, petitioner served as the president of the Ronceverte Volunteer Fire Department ("RVFD"). During this same period, Jody Campbell and Darrell Miller also served as the RVFD's fire chief and treasurer, respectively. On January 23, 2007, petitioner, Campbell, and Miller opened a checking account for the RVFD with First National Bank of Ronceverte. The account was funded by donations and other fund-raising efforts and was used to run the department. The account was set up such that two of the signatories had to sign for the withdrawal of any monies from the account. According to the State, beginning in May of 2007 and extending into December of 2008, numerous checks were issued on the RVFD account to petitioner, Campbell, Miller, and petitioner's wife Angela Brammer. Additionally, the State alleges that numerous electronic debits out of the account were made to pay the personal electric and credit card bills of petitioner's wife.

In October of 2009, Petitioner was indicted by a Greenbrier County Grand Jury on one count of embezzlement of $1,000 or more and one count of conspiracy to commit embezzlement. Petitioner's jury trial commenced in December of 2011, after which he was convicted of one count of conspiracy to commit embezzlement and acquitted of embezzlement. The circuit court

1

thereafter sentenced petitioner to a term of incarceration of one to five years, but suspended his sentence in lieu of five years of probation.

On appeal, petitioner alleges that West Virginia Code § 61-3-20 is unconstitutional, that the State improperly charged petitioner by combining several transactions that should have been barred by West Virginia Code § 62-2-5, and that the State was required to prove that the victim sought the return of the allegedly embezzled money in order to convict him of conspiracy. In support of these assignments of error, petitioner argues that the provision in West Virginia Code § 61-3-20 that states "it shall not be necessary to describe in the indictment, or to identify upon the trial, the particular bullion, money, bank note, draft or security for money which is so taken, converted to his own use or embezzled by him" violates constitutional due process and effective assistance of counsel protections by failing to notify a defendant as to the charges against him. Petitioner further argues that the vague nature of such indictments violates protections against double jeopardy because he is unable to use his acquittal to preclude subsequent indictments for the same acts.

Petitioner also argues that the State violated West Virginia Code § 62-2-5 by charging him with conspiracy to commit embezzlement involving unspecified transactions between 2007 and 2009. According to petitioner, this combination of acts over a three-year period circumvents the one-year statute of limitations in misdemeanor cases and denied him due process. Lastly, petitioner argues that the State was required to prove that the victim sought the return of the allegedly embezzled property. Petitioner alleges that the overwhelming evidence in this matter indicated that the members of the RVFD, their executive board and officers, fully complied with the rules and regulations of the corporation and fully approved or would have approved of all the transactions at issue.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). To begin, the Court declines to address petitioner's first assignment of error related to the constitutionality of West Virginia Code § 61-3-20. That Code section concerns the crime of embezzlement, of which petitioner was acquitted. As such, the issue of the statute's constitutionality is not at issue on appeal. Further, petitioner's argument that the indictment charging him with embezzlement leaves him subject to additional criminal charges in violation of his protection against double jeopardy is not ripe because the State has not sought his indictment on additional embezzlement charges. As such, we decline to address this issue.

The Court further finds no merit as to petitioner's second assignment of error relating to the State's indictment for conspiracy to commit embezzlement. We have previously held that "'[g]enerally, the sufficiency of an indictment is reviewed *de novo*. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations.' Syl. Pt. 2, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996)." Syl. Pt. 1, *State v. Johnson*, 219 W.Va. 697, 639 S.E.2d 789 (2006). Petitioner argues that the indictment, in regard to charging conspiracy to commit embezzlement, did not comply with the requirements of West Virginia Code § 62-2-5. However, that section concerns

2

indictments for embezzlement, not conspiracy, and is, therefore, not applicable. Petitioner further argues that in charging him with conspiracy to commit embezzlement, the State improperly combined several acts of embezzlement into one crime, thereby circumventing the requirement that misdemeanors must be prosecuted within one year. However, we have previously held that "*W. Va. Code* [§] 62-2-5, relating to the prosecution of distinct acts of embezzlement in the same indictment, is not applicable where individual acts of embezzlement are accomplished in accordance with a common scheme and common criminal intent." Syl. Pt. 6, *State ex rel. Cogar v. Kidd*, 160 W.Va. 371, 234 S.E.2d 899 (1977). For these reasons, we find no merit in this assignment of error.

Lastly, we find no merit in regard to petitioner's assignment of error that he could only be convicted of conspiracy to commit embezzlement if the victim sought the return of the money in question. We have previously held that "[i]n order for the State to prove a conspiracy under *W.Va.Code*, 61-10-31(1), it must show that the defendant agreed with others to commit an offense against the State and that some overt act was taken by a member of the conspiracy to effect the object of that conspiracy." Syl. Pt. 4, *State v. Less*, 170 W.Va. 259, 294 S.E.2d 62 (1981). Therefore, it is clear that a demand for the return of allegedly embezzled money is not a necessary element to support a conviction for conspiracy to commit embezzlement.

For the foregoing reasons, the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II