# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Timothy N. Barber,**
**Petitioner Below, Petitioner**

**vs.)   No. 13-0860** (Kanawha County 13-M-AP-6)

**City of Charleston,**
**Respondent Below, Respondent**

**FILED**

April 4, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Timothy N. Barber, an attorney proceeding in his own interest, appeals an order of the Circuit Court of Kanawha County, entered July 23, 2013, that found him guilty of parking in a no parking zone in violation of the Charleston, West Virginia, Municipal Code. Respondent City of Charleston ("the City"), by counsel Paul D. Ellis and Mandi Kay Carter, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to the testimony and evidence at petitioner's May 31, 2013, *de novo* trial,[1] on February 8, 2013, petitioner stopped his vehicle in a no parking zone on Laidley Street in Charleston. Petitioner left the vehicle's motor running, activated the blinkers, and exited it briefly to deliver a prescription to another attorney. Meter Patrol Officer Pam West ticketed petitioner for parking in a no parking zone that was marked by a yellow curb.[2] Officer West followed proper

---

[1] Petitioner was originally found guilty of parking in a no parking zone by the Municipal Court of Charleston. Petitioner appealed to the circuit court which afforded him a *de novo* trial pursuant to West Virginia Code § 8-34-1(e). At trial, the City argued that petitioner's appeal from the municipal court was procedurally deficient for a number of reasons. However, finding that it could dispose of petitioner's case on the merits, the circuit court declined to rule on the procedural issues. Similarly, because we affirm the circuit court's decision on the merits, it is unnecessary for us to address the alleged procedural defects in petitioner's appeal to the circuit court. *See infra.*

[2] Section 114-564 of the Charleston Municipal Code provides as follows:

> (a)      When official traffic control signs or markings are in place

1

procedure by also photographing the car's location at the time of the ticket. Officer West subsequently returned to the location to take a second picture that clearly showed the sign that was also at the no parking zone, stating, "NO PARKING HERE TO CORNER TOW AWAY."

Petitioner argued at trial that because he left his vehicle standing (or idling), it was not "parked" and further that he was "unloading" a prescription for another lawyer, which was permissible in the zone. The City countered that a person needed a permit to legally load or unload in the zone. In addition, petitioner asserted that no evidence existed that he intentionally violated the City's traffic ordinance. At the end of trial, the circuit court found that petitioner's vehicle was "parked" and directed the City's counsel to prepare an appropriate order. In its July 23, 2013, order, the circuit court noted petitioner's argument that he was not guilty of a parking violation when he was delivering a prescription to an attorney's office, but found that petitioner was not legally loading or unloading because he did not have a permit. The circuit court further determined that petitioner's vehicle was not in motion while it was standing in the no parking zone. Accordingly, the circuit court found petitioner guilty of parking in a no parking zone in violation of the City's municipal code and fined him $25.

Petitioner now appeals the circuit court's July 23, 2013, order finding him guilty of the parking violation. We apply the standard for reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *State v. Mechling,* 219 W.Va. 366, 633 S.E.2d 311 (2006) (quoting Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont,* 198 W.Va. 329, 480 S.E.2d 538 (1996)).

On appeal, petitioner avers that there was no proof that he intended to violate the City's traffic ordinance and argues that such proof was required. *See* Syl., *State v. Great Atlantic & Pacific Tea Co. of America,* 111 W.Va. 148, 161 S.E. 5 (1931) ("The legislative purpose to dispense with the element of intent in a statutory crime must be clearly expressed."). This Court

---

giving notice, no person shall park a vehicle at any time upon any of the streets or parts of streets designated by such signs or markings as prohibited parking areas.

(b)     In addition to or in lieu of posting official traffic-control signs to establish a no parking zone or area, a no parking zone or area may be established by painting the curb yellow; and the length of such curb as so painted yellow shall be the length of such no parking zone or area; and the yellow paint shall constitute an official traffic control marker indicating a no parking zone or area.

finds this argument is misplaced for two reasons: (1) petitioner never disputed that he was on notice that there was no parking in the zone where he stopped his vehicle and left it standing; and (2) petitioner never alleged that he did not intend to do what he did, which was to stop his car and leave it standing in the zone. Rather, petitioner's argument is that stopping a vehicle and leaving it standing in a no parking zone should not be construed as "parking" the vehicle under the City's municipal code.

Pursuant to Section 114-2 of the Charleston Municipal Code, the term "park," when prohibited, includes "the standing of a vehicle." *See also* W.Va. Code § 17C-1-54 (same). Section 114-2 provides that a person still may park "temporarily for the purpose of and while actually engaged in loading or unloading." *See id.* (same). The City argues that for a person to be "loading or unloading," he or she must be engaged in that business, such as a delivery person. This Court notes that the circuit court rejected petitioner's contention that he was "loading or unloading" merely because he was bringing a prescription to a colleague. "An appellate court may not . . . weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). Therefore, after careful consideration, this Court concludes that the circuit court did not abuse its discretion in finding petitioner guilty of parking in a no parking zone in violation of the City's municipal code and fining him $25.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 4, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3