COMMONWEALTH *vs.* ANTONIO ENGLAND & another.

Suffolk.   November 1, 1965. — January 6, 1966.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Grand Jury.   Larceny.   Pleading, Criminal,* Indictment.   *Practice, Criminal,* Report.

The provisions of G. L. c. 277, § 1A, inserted by St. 1952, c. 494, relating to the continuation of service of "a grand jury" beyond the term for which they were convened apply to a special grand jury convened for a period of six months pursuant to G. L. c. 277, § 2A, inserted by St. 1922, c. 466, and authorized an indictment returned by a special grand jury during a continuation of their service beyond the six months period to complete an investigation in progress before the expiration thereof. [84–86]

"Whoever steals" within the meaning of those words in G. L. c. 266, § 30, may do so in successive acts impelled by a "singleness" of intent.   [87]

An indictment charging that the defendant, "at divers times" between stated dates, "pursuant to a single scheme, did steal money of the value of more than one hundred dollars" of another by specified means validly charged the commission of a single felony under G. L. c. 266, § 30, irrespective of whether the money stolen in any single taking was more or less than $100.   [87]

Where a report of a criminal case under G. L. c. 278, § 30A, was not intended to present a question of law raised by the defendant in his brief, this court did not consider the question.   [88]

SIX INDICTMENTS found and returned on April 22, 1965.

Questions of law were reported by *Brogna,* J.

*Patrick F. Murphy (Daniel J. Dempsey* with him) for the defendants.

*Walter Jay Skinner,* Special Assistant Attorney General, for the Commonwealth.

REARDON, J.   A judge of the Superior Court has reported these six cases under G. L. c. 278, § 30A, for the resolution of questions of law posed by motions to quash and pleas in abatement filed by the defendants.

The pleas in abatement in all cases were directed to the validity of indictments returned by a special grand jury convened pursuant to the provisions of G. L. c. 277, § 2A,

on October 14, 1964, for a term of six months. On April 9, 1965, following representations by the Attorney General of the Commonwealth to the Chief Justice of the Superior Court "that public necessity required further time by said special grand jury to complete an investigation then in progress," the Chief Justice ordered that they should continue to serve until April 23, 1965, "to complete any investigation then in progress, but to take up no new matter." The indictments were returned on April 22, 1965, and on the same day the grand jury were discharged. The trial judge found that the grand jury commenced to hear evidence leading to these indictments on March 31, 1965, and "that these indictments resulted from investigations in progress before April 13, 1965 and were not new matters taken up by the Grand Jury thereafter."

The motions to quash attacked the validity of the indictments which severally charged one felony, the stealing of money of the value of more than $100, pursuant to a single scheme between two stated dates.[1] The defendants' motions alleged inter alia that the indictments set forth no crime known to law, that the language was vague and indefinite, that they alleged a series of separate and distinct felonies or separate and distinct misdemeanors, and that the defendants could not determine from the indictment language whether they were severally charged with a felony, a series of felonies, a misdemeanor, or a series of misdemeanors.

1. That indictments were returned by a special grand jury more than six months after they were sworn and commenced their deliberations does not invalidate the indictments. General Laws c. 277, § 1A, states that upon written notice by the Attorney General to a justice of the Supe-

---

[1] One of the indictments reads as follows: "[T]hat ANTONIO ENGLAND at divers times between July 1, 1959 and June 30, 1962, pursuant to a single scheme, did steal money of the value of more than one hundred dollars of the property of the Commonwealth of Massachusetts, by means of false time sheets."

Others, varying the terminal date somewhat and adding the other defendant, charged grand larceny in the words above but by different means: "by means of false time sheets for labor actually performed on property [of the other defendant]"; "by means of false vouchers for telephone service"; and "by means of false certifications of overtime work."

rior Court setting forth that "public necessity requires further time by a grand jury to complete an investigation then in progress, the court may order such grand jury to continue to serve until said investigation has been completed and shall take up no new matter." It is urged by the defendants that § 1A, added by St. 1952, c. 494, was directed only to regular grand juries convened under G. L. c. 277, § 2, and is not to be extended to encompass special grand juries, provision for which is made by G. L. c. 277, § 2A. However, the extension provisions were enacted thirty years after § 2A, which provided for the calling of a special grand jury, and the Legislature must be presumed to be aware that the language "a grand jury" and "such grand jury" appearing in § 1A, would naturally comprehend special as well as regular grand juries. The generality of the section's language does not admit of an exclusion of special grand juries from its operation.

In *United States* v. *Johnson,* 319 U. S. 503, Mr. Justice Frankfurter considered a claim that indictment by a grand jury was improper because "an order extending the life of the grand jury was void." He noted that the "historic role of the grand jury" required that it be possible for the grand jury's term to be extended so that they could continue to consider matters raised during their original term. He remarked that such extensions were necessary in order "to make the grand jury a more continuous and therefore more competent instrument of what have become increasingly more complicated inquiries into violations of . . . criminal law." 319 U. S. 511. To permit extension of the regular grand jury under § 1A, and to deny it for the special grand jury would be to make an untenable distinction between them, one with no basis in the statute governing extensions. This would lead to unnecessary expense, dislocation of orderly presentation of evidence to special grand

The judge reported the question in the following terms: "The Motions to Quash raise the issue of validity of indictments which charge one felony (stealing money of the value of more than $100.00) pursuant to a single scheme over a three year period, consisting of separate felonies or misdemeanors which were not premised on continuing misrepresentations or false pretenses."

Commonwealth v. England.

juries, and other undesirable results which we think the Legislature did not intend.

2. The report raises the question of the validity of an indictment for one felony committed pursuant to a single scheme between dates certain, in this case the stealing of money of the value of more than $100. Although the law is settled in a great many other States and in England that such an indictment is valid, we have not directly considered in this jurisdiction the problem of the single larceny created by successive takings pursuant to a single and continuing intent. It has been said, "It is sometimes necessary to determine, when several articles are stolen on different occasions over a period of time, whether such series of acts or takings constitute a single offense or larceny, the question having most frequently arisen with respect to whether the accused was guilty of grand larceny or merely a series of petit larcenies, and in other cases with respect to the question whether a count in the indictment properly charged a single offense or several offenses. . . . [I]f each taking is the result of a separate, independent impulse or intent, each taking is a separate crime. . . . [W]hen it appears that the successive takings are actuated by a single, continuing, criminal impulse or intent or are pursuant to the execution of a general larcenous scheme, it has been held or stated that such successive takings constitute a single larceny, regardless of the extent of the time which may have elapsed between each taking." Anderson, Wharton's Criminal Law & Procedure, § 450. 136 A. L. R. 948.

We observe that some cases cited in the briefs of both the Commonwealth and the defendants involve crimes which by statutory definition relate to periods of time. *Wells* v. *Commonwealth*, 12 Gray, 326 (keeping a house of ill fame). *Commonwealth* v. *Robinson*, 126 Mass. 259 (keeping a tenement for illegal sale of liquor). *Commonwealth* v. *Sullivan*, 146 Mass. 142 (setting up and promoting a lottery). *Commonwealth* v. *Peretz*, 212 Mass. 253 (deriving support from a prostitute's earnings). *Commonwealth* v. *Runge*, 231 Mass. 598 (unlawfully practising medicine).

In *People* v. *Cox,* 286 N. Y. 137, the defendant, a turnstile maintainer in the New York subways, in concert with two station agents, had on numerous days stolen 500 to 600 nickel fares. He was convicted on two counts of grand larceny, the first charging him with larceny of $1,500 over eleven months, and the second, the sum of $370 over ten months. The defendant urged that only a series of misdemeanors had been proved. The court, speaking in 1941, referred to settled law in twenty-five States and England and said, "Logic and reason join with all the authorities that have considered the question, in holding that the People may prosecute, for a single crime a defendant who, pursuant to a single intent and one general fraudulent plan, steals in the aggregate as a felon and not as a petty thief." There is much authority to the same effect. See *Carl* v. *State,* 125 Ala. 89; *Woods* v. *Illinois,* 222 Ill. 293; *State* v. *Vandewater,* 203 Iowa, 94; *Scarver* v. *State,* 53 Miss. 407; *In re Jones,* 46 Mont. 122; *Barnes* v. *State,* 43 Tex. Crim. Rep. 355, citing *Cody* v. *State,* 31 Tex. Crim. Rep. 183; *West* v. *Commonwealth,* 125 Va. 747. For very broad language see Am. Law. Inst., Model Penal Code, § 206.15 (3) (Tent. draft No. 4, 1955)

The requisite for the finding of a single crime is the "singleness" of the defendant's intent. In our view "whoever steals" (G. L. c. 266, § 30) may do so in successive acts impelled by one intent. Were these several acts under our statutory definition indictable as nothing more than separate misdemeanors because of the small value of each taking, then the felony of grand larceny defined in G. L. c. 266, § 30, might on occasion go unpunished. This result would not be reasonable. In the indictments there is sufficiently charged a larceny consisting of a series of takings over a period of time pursuant to a single scheme, which implies a continuing intent, involving in the aggregate property worth more than $100. That the value of the property involved in any single taking may have been more or less than $100 is immaterial.

In upholding as valid an indictment for a single larceny predicated on a scheme or continuing intent, we do not in

any way imply that there does not remain to the defendants their right to particulars. See *Commonwealth* v. *Sinclair,* 195 Mass. 100, 105; *Commonwealth* v. *Jordan,* 207 Mass. 259, 267; *Commonwealth* v. *Farmer,* 218 Mass. 507, 509; *Commonwealth* v. *Hayes,* 311 Mass. 21, 24–25; *Commonwealth* v. *Ries,* 337 Mass. 565, 580–581.

3. We note that the defendants in their brief have raised some constitutional points based on the concurrence of operation in a single county of two grand juries. This problem, if it be one, is not before us on the report of the judge. We cannot consider it since on a proper interpretation of the report it does not appear that it was intended that the problem be reported. *Crowe* v. *Boston & Maine R.R.* 242 Mass. 389, 392–393. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384.

Therefore on the issues reported we hold (1) that the indictments were not invalidated by the fact that they were returned by the special grand jury more than six months after they were sworn and commenced their deliberations, and (2) that the indictments validly charge one felony pursuant to a single scheme over a period of time, consisting of separate takings. It follows that the pleas in abatement must be overruled and the motions to quash denied.

*So ordered.*