COMMONWEALTH *vs.* STEPHEN MURRAY.

Suffolk. January 4, 1988. — March 7, 1988.

Present: WILKINS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Larceny. False Entry in Corporate Record. Practice, Criminal,* Indictment.

A larcenous scheme by a corporate employee involving his drawing of 180 company checks payable to himself in amounts ranging from $2,083.27 to $60,811.75, totaling some $4,000,000, and making 128 false entries in the corporate books, during a period of approximately five years, constituted 180 crimes of larceny and 128 crimes of making false entries with intent to defraud, and, accordingly, this court reversed a motion judge's order which, while not dismissing "in full" the two indictments for larceny containing 180 counts and two indictments for making false entries with intent to defraud containing 128 counts which had been brought against the defendant, had effectively dismissed the indictments by granting the Commonwealth leave to amend the indictments to charge only one crime of larceny and one crime of false entry. [772-775]

INDICTMENTS found and returned in the Superior Court Department, two on June 13, 1986, and two on September 9, 1986.

A motion to dismiss was heard by *Robert A. Mulligan,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Gerald F. Muldoon,* Assistant District Attorney, for the Commonwealth.

*William P. Homans, Jr.,* for the defendant.

O'CONNOR, J. In two indictments containing a total of 180 counts, the defendant was charged with larceny from his corporate employer, and in two other indictments containing 128 counts, he was charged with making false entries in his corporate employer's books with intent to defraud. Each count alleges a separate incident of larceny or false entry. In sum, the larceny

indictments allege that the defendant stole over $4,000,000 from his employer during a period of approximately five years. The Commonwealth asserts that this was accomplished by the defendant's drawing company checks payable to himself in amounts ranging from $2,083.27 to $60,811.75. The false entry indictments allege that, during the same period, the defendant made 128 false entries in the company's books.

The defendant moved for a dismissal of the indictments on the ground that the offenses charged by the larceny indictments constituted only one crime of continuing larceny, and the offenses charged in the other indictments constituted only one continuing crime of false entry. Agreeing with the defendant, and having the defendant's consent, the judge issued an order not dismissing the indictments "in full," but granting the Commonwealth leave to amend the indictments to charge only one crime of larceny and one crime of false entry. The Commonwealth appealed, and we took the case on our own initiative. We treat the indictments as effectively having been dismissed. The defendant makes no contention that the case is not properly before us for appellate review. We reverse the decision of the motion judge.

Larceny is the taking without right of the personal property of another with the specific intent to deprive the other of the property permanently. *Commonwealth* v. *Johnson,* 379 Mass. 177, 181 (1979). Thus, if the defendant obtained his employer's money by the use of forged checks with larcenous intent 180 times, he committed 180 crimes of larceny. The same is true with respect to the alleged making of 128 false entries with intent to defraud. General Laws c. 266, § 67 (1986 ed.), provides in material part that "an agent, clerk or servant of a . . . corporation who makes a false entry . . . in any book of such . . . corporation, with intent to defraud . . . shall be punished . . . ." Therefore, the Commonwealth may properly accuse the defendant of 180 larcenies and 128 makings of false entry with intent to defraud, even though the victim on every occasion was a single corporation and the defendant's methods never varied. That conclusion not only is consistent with G. L. c. 266, § 30 (1986 ed.), governing larceny, and with G. L. c. 266, § 67,

governing the making of false entries, but it is consistent with our case law as well. For instance, in *Commonwealth* v. *De-Vincent,* 358 Mass. 592, 594-595 (1971), the defendant appealed from convictions under an indictment in two counts charging attempted extortion. The evidence showed that on two occasions within an eleven-day period the defendant threatened the same victim and demanded money from him. Relying on *Commonwealth* v. *Stasiun,* 349 Mass. 38 (1965), the defendant argued on appeal that his crime was but one continuing offense. *Id.* at 594. This court rejected that argument. See also *Commonwealth* v. *Beal,* 314 Mass. 210, 226-227 (1943) (multiple successive payments made pursuant to a single corrupt arrangement held to constitute multiple crimes of acceptance of a bribe); *Commonwealth* v. *Mannos,* 311 Mass. 94, 113 (1942).

In *Commonwealth* v. *Stasiun, supra,* on which the present defendant relies, the defendants were convicted under an indictment charging them with soliciting a bribe (former G. L. c. 268, § 8). *Id.* at 43 & n.2. They contended on appeal that the indictment did not charge "a crime known to the law for the reason that it charg[ed] solicitation as a continuing offense," that is, as a general practice (such as practicing medicine unlawfully). *Id.* at 44. We rejected that argument, concluding that each of several requests for an unlawful gratuity "was an integral part of the wrongful criminal solicitation, from one person, of one payment for one favor." *Id.* at 44. We observed that it had been held elsewhere that "where it appears that successive takings are actuated by a single, continuing criminal impulse or intent or are pursuant to the execution of a general larcenous scheme, such successive takings constitute a single larceny, regardless of the extent of the time which may have elapsed between each taking" (citations omitted). *Id.* at 45. The defendant's reliance on *Commonwealth* v. *Stasiun,* and on the language we have quoted, is misplaced. It does not follow from the fact that several separate requests for payment *may* be considered as one criminal solicitation of a bribe, that they *must* be so considered. The court in *Stasiun* made that clear by its observation that "[i]t is inconsequential that separate

solicitations could, as is well established, be charged as separate offenses. *Commonwealth* v. *Mannos,* 311 Mass. 94, 113 [1942]. *Commonwealth* v. *Beal,* 314 Mass. 210, 227 [1943]." *Id.* at 45. Similarly, successive takings of property actuated by a single, continuing criminal impulse or intent or pursuant to a general larcenous scheme may, but need not, be charged as one crime.

*Commonwealth* v. *England,* 350 Mass. 83 (1966), is not authority for the proposition that successive thefts of money pursuant to a single, continuing impulse or scheme must be charged as one crime. That case is merely authority for the proposition that such thefts may, at the option of the Commonwealth, be so charged. In that case, involving a series of thefts totalling more than $100, this court considered "the validity of an indictment for one felony committed pursuant to a single scheme between dates certain." *Id.* at 86. We quoted with approval the statement in *People* v. *Cox,* 286 N.Y. 137, 145 (1941), that "[l]ogic and reason join with all the authorities that have considered the question, in holding that the People may prosecute for a single crime a defendant who, pursuant to a single intent and one general fraudulent plan, steals in the aggregate as a felon and not as a petty thief." *Commonwealth* v. *England, supra* at 87.

The question before us is one of legislative intent. *Commonwealth* v. *Donovan,* 395 Mass. 20, 28 (1985). The intent of the Legislature in enacting G. L. c. 266, § 30, would be frustrated if a person who steals a large sum of money (more than $100) from a single victim in several separate takings of small (less than $100) sums, could escape prosecution as a felon. Recognition of that fact is at the heart of the decision in *Commonwealth* v. *England, supra.* Surely, however, it does not follow that the Commonwealth must charge successive thefts from a single victim pursuant to a single scheme as one crime. Such a requirement would also frustrate clear legislative intent. It is not reasonable to believe that, in enacting G. L. c. 266, § 30, the Legislature intended that a person who steals $4,000,000 from his employer by 180 separate takings is sub-

ject to no greater maximum penalty than is one who steals $101 from his employer on one occasion.

In *Commonwealth* v. *Donovan, supra,* we held that, in the circumstances of that case, the Commonwealth could charge the defendant with only one crime of larceny. But that case is clearly distinguishable from the case at bar because there, unlike here, the defendant committed only one act. In *Donovan,* the defendants placed a phony night deposit box on the wall of a bank for one night and stole the deposits that were placed in the box by unsuspecting depositors. There was but one incident in *Donovan,* not 180 separate checks converted to money on 180 separate occasions, or 128 separate book entries.

The motion judge's decision is reversed. The case is remanded for further proceedings.

*So ordered.*