COMMONWEALTH vs. DAVID SNOW.

No. 93-P-25.

Middlesex. November 8, 1993. - January 25, 1994.

Present: PERRETTA, KAPLAN, & FINE, JJ

*Evidence,* Fresh complaint, Relevancy and materiality. *Rape. Indecent Assault and Battery. Error,* Harmless. *Practice, Criminal,* Indictment, Assistance of counsel.

At the trial of several indictments arising from the alleged sexual abuse of a boy, beginning when he was ten years old and continuing for a period of two years, the judge erred in admitting evidence of "fresh complaints" made six and seven years after the alleged incidents, where there was no evidence that the defendant ever threatened the alleged victim, and where a year had passed after the defendant had left the alleged victim's home before he first reported the sexual abuse [838-839]; in the circumstances, the errors in admitting the "fresh complaints" were prejudicial and the defendant was entitled to a new trial [839-841].

There was no merit to a criminal defendant's contention that his convictions on two separate charges of indecent assault and battery on a child under the age of fourteen were duplicative. [841]

A criminal defendant was not deprived of the effective assistance of counsel in that his counsel failed to raise a statute of limitations defense, where counsel had made a tactical decision not to raise the defense as to an indictment that was time-barred, given the fact that the Commonwealth could still have sought reindictment of the defendant, on the same facts, for a crime that carried a more severe penalty. [841]

A criminal defendant whose convictions were reversed on other grounds suffered no prejudice from any failure of the indictments and the bill of particulars to describe fully the dates of the offenses with which he was charged, where at any retrial of the indictments he would have the benefit of knowing the Commonwealth's evidence at the first trial. [841-842]

INDICTMENTS found and returned in the Superior Court Department on February 15, 1989.

The case was tried before *John P. Sullivan,* J.

*Thomas J. Freda* for the defendant.

*David E. Edmonds*, Assistant District Attorney, for the Commonwealth.

FINE, J. After trial by jury in the Superior Court, the defendant was convicted on two indictments each of rape of a child under sixteen and indecent assault and battery on a child under fourteen. His principal claim on appeal is that the judge erred in allowing testimony from two witnesses about the alleged victim's "fresh complaints," and testimony from the alleged victim concerning the defendant's possession of a gun. We agree with the defendant that the "fresh complaint" evidence should not have been admitted and that the error was not harmless.

We first summarize the testimony of the alleged victim, nineteen years old at the time of trial. He stated that, beginning when he was ten, for a period of two years, the defendant fondled, sodomized, and committed fellatio on him. The abuse began in 1980, when he was living in Cambridge with his younger sister, his mother, and, intermittently, her boyfriend, the defendant. The abuse continued during June and July of 1981, while the alleged victim was living with the defendant in Waltham and the alleged victim's mother was looking for a new place for the family to live, and then for an additional period following the family's move, with the defendant, to a new apartment in Cambridge. The abuse ended in September of 1982, when the alleged victim entered the seventh grade, although the defendant continued to live with the family on and off until 1987. Because he was frightened and intimidated by the defendant, and embarrassed, the alleged victim told no one about the sexual encounters until the winter of 1988, approximately six years after they had ended and one year after the defendant had moved out of his home. Over objection, the alleged victim explained his fear of the defendant by testifying that, while staying at the defendant's apartment in Waltham, he felt a gun under the mattress of the bed they shared. In the winter of 1988, the alleged victim told his best friend about the abuse, and a year or so later, he told his mother.

The alleged victim's mother was the next witness. She testified, over objection, that the alleged victim, crying and "an emotional wreck," disclosed to her for the first time in 1989 that, before school in the morning while he was in the fifth grade, and also while he was staying with the defendant in Waltham, the defendant had sexually abused him. The alleged victim's mother was followed on the stand by the alleged victim's best friend who testified, over objection, that he had had a conversation with the alleged victim during the winter of 1988. The alleged victim, crying, appearing upset, scared, and nervous, and with difficulty speaking, told the witness that, when he was "a little kid," the defendant made him "suck his dick." The alleged victim also told the witness that he had never told anyone about the abuse because he was frightened and intimidated by the defendant.

The defendant testified in his own behalf and denied that he had ever committed a sexual assault of any kind upon the alleged victim. He also presented evidence of his working hours at the time of the alleged incidents which tended to show that he might not have been present when some of the acts were alleged to have occurred. In addition, he presented evidence conflicting with the testimony of the alleged victim and his mother about the extent of the mother's presence in the Waltham apartment during the alleged victim's stay there.

1. *The admissibility of the evidence of "fresh complaint."* The fresh complaint doctrine is an exception to the general rule that a crime victim's out-of-court statement is inadmissible if it is merely repetitive of his trial testimony. See *Commonwealth* v. *Bailey*, 370 Mass. 388, 391 (1976); *Commonwealth* v. *Gardner*, 30 Mass. App. Ct. 515, 523 (1991). Although there is "no absolute rule as to the time frame within which a sexual assault victim must make a first complaint for that complaint to be admissible in evidence as a fresh complaint," *Commonwealth* v. *Dockham*, 405 Mass. 618, 625 (1989), the complaint must be reasonably prompt in the circumstances. The concept of reasonable promptness is especially flexible when the complainant is a young child.

See *Commonwealth* v. *Comtois*, 399 Mass. 668, 673 (1987); *Commonwealth* v. *Amirault*, 404 Mass. 221, 228 (1989); *Commonwealth* v. *Dockham*, 405 Mass. at 625; *Commonwealth* v. *Dion*, 30 Mass. 406, 413, and appendix B at 416 (1991); *Commonwealth* v. *Johnson*, *ante* 211, 215, and appendix at 219-220 (1993); *Commonwealth* v. *McKinnon*, *ante* 398, 399 (1993).

The circumstances in this case, the alleged victim's age, the defendant's relationship with his mother, the defendant's membership in the alleged victim's household for substantial periods, his reasonable fear as a result of finding the gun, and his understandable embarrassment certainly justified a substantial delay in reporting the sexual abuse. On the other hand, there was no evidence that the defendant ever threatened the alleged victim, and a year had passed after the defendant had left the alleged victim's home before he first reported the sexual abuse to his friend. In all the circumstances, we do not think that conversation, approximately six years after the abuse ended, was sufficiently prompt to justify its admission as a "fresh complaint." Nor was the alleged victim's report to his mother a year later reasonably prompt in the circumstances. No case in this Commonwealth, of which we are aware, has allowed "fresh complaint" testimony after so long a delay. See *Commonwealth* v. *Johnson*, *supra* at 216, and cases cited in appendix at 219-220. Compare *Commonwealth* v. *McKinnon*, *supra* at 399-400. We conclude that it was error for the trial judge to allow the two witnesses to relate to the jury the alleged victim's out-of-court statements about his sexual abuse by the defendant.

2. *The prejudicial effect of the fresh complaint evidence.* We proceed to consider the more difficult question whether the errors were harmless.

There are several factors in the case which suggest that the errors might have been harmless. The alleged victim testified, without objection, that he told no one about the sexual abuse until his conversation with his best friend in 1988. He also told the jury, without objection, of his conversation

about the abuse with his mother. Thus, the statements related to the jury by the two "fresh complaint" witnesses, which were brief and generalized, added little of substance to the alleged victim's own testimony. Further, at least the alleged victim's mother's testimony was used by defense counsel to some advantage. In an attempt to show bias on the part of the alleged victim, defense counsel brought out that very shortly before the conversation between the alleged victim and his mother about the sexual abuse, she had had a date with the defendant and afterwards had talked to the alleged victim, who did not like the defendant, about possibly resuming the relationship.

The matter of the admissibility of the evidence relating to the gun could have a bearing on the inquiry whether the errors regarding the fresh complaint testimony were harmless. If, but for the admission of the two witnesses' fresh complaint testimony, the alleged victim would not have been allowed to testify that, while in the defendant's bed in the Waltham apartment, he felt a gun under the mattress, the decision to admit the fresh complaint testimony might have affected the jury's verdict to the defendant's disfavor. We think, however, that even without the fresh complaint evidence, the judge would not have abused his discretion in allowing the alleged victim's testimony about the gun. The evidence was not offered to show bad character or a propensity on the defendant's part to engage in sexual abuse, but, instead, to explain why the alleged victim felt intimidated and remained silent for so long. The alleged victim was allowed to testify about his silence and some of the reasons for it. The judge was required to weigh the relevance of the testimony about the gun against its prejudicial effect. *Commonwealth* v. *Chalifoux*, 362 Mass. 811, 816 (1973). The jury's knowledge that the defendant possessed a gun may have had some prejudicial effect. As there was no indication that the defendant ever used the gun or made any threat against the alleged victim with it, or that he lacked a gun license, we think the prejudicial effect was not so substantial that the admission of the evidence was an abuse of the judge's discre-

tion. The fact that the testimony about the gun was admitted, therefore, does not affect our decision on the question whether the improper allowance of "fresh complaint" evidence was prejudicial.

There are factors, however, which persuade us that the errors *were* prejudicial. Both "fresh complaint" witnesses gave descriptions, not otherwise admissible, of the alleged victim's troubled emotional state while talking about the sexual abuse. Moreover, the only real issue for the jury was whether the victim or the defendant was telling the truth. The jury may well have considered the fresh complaint evidence as bolstering the alleged victim's credibility both as to the claim of sexual abuse and the fact that he reported it to his friend and to his mother. See *Commonwealth* v. *Davids*, 33 Mass. App. Ct. 421, 424 (1992). In all the circumstances, we cannot say that the errors were harmless.

3. *Other issues.* We briefly discuss the other issues raised in the appeal as they may affect any further proceedings on these charges.

a. *Duplicitous indictments.* The defendant alleges that his convictions on two separate charges of indecent assault and battery on a child under the age of fourteen were duplicitous because the indictments covered the same period of time. There is no merit to this contention. Each indictment was based on a separate and distinct act committed at a different time and place. They were not part of one single and continuing offense. See *Commonwealth* v. *Murray*, 401 Mass. 771, 772 (1988).

b. *Ineffective assistance.* The defendant claims that his counsel's failure to raise a statute of limitations defense to an indictment which was time-barred deprived him of the effective assistance of counsel. We accept the Commonwealth's argument, however, that trial counsel made a tactical decision not to raise the defense to an indictment charging indecent assault and battery on a child under fourteen given the fact that the Commonwealth could have reindicted the defendant, on the same facts, for rape of a child, a crime which carries a more severe penalty.

c. *Lack of specificity.* The defendant alleges that he was denied a fair trial due to the failure of the indictments and bill of particulars to fully describe the dates of the offenses with which he was charged. Even assuming that to be so, if he should be retried he will have the benefit of his knowledge of the Commonwealth's evidence at the first trial.

*Judgments reversed.*
*Verdicts set aside.*