NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1348                                         Appeals Court

COMMONWEALTH  vs.  LUIS BONILLA

No. 14-P-1348.

Suffolk.     October 1, 2015. - March 30, 2016.

Present:  Cypher, Milkey, & Hanlon, JJ.

Larceny.  Uttering Forged Instrument.  Practice, Criminal,
    Required finding.


Complaint received and sworn to in the Central Division of
the Boston Municipal Court Department on March 5, 2013.

The case was tried before Raymond G. Dougan, Jr., J.


Edward Crane for the defendant.
Helle Sachse, Assistant District Attorney, for the
Commonwealth.


HANLON, J. Following a jury trial, the defendant, Luis

Bonilla, was convicted of larceny over $250 by a single scheme

(count 1), and uttering a false instrument (count 2); he was

sentenced to two one-year concurrent sentences to the house of

correction.  On appeal, he argues that the evidence was

insufficient to support his convictions.  We affirm the judgment in part and reverse in part.

Background.  On February 26, 2013, the defendant deposited six $5,000 checks, one into each of six newly opened bank accounts at Metro Credit Union, for a total amount of $30,000. The next day, the defendant returned to Metro Credit Union and withdrew $600 in cash, $200 from each of three of the new accounts:  $200 was the maximum amount available for each new account until the original deposit checks cleared.  Sometime after the defendant withdrew the $600, Metro Credit Union was informed that all six of the initial checks had been dishonored and were being returned to the bank.  Three of the returned checks were drawn from the defendant's TD Bank account, which had been opened only one week earlier; the other three checks, from his East Boston Savings Bank account, were returned because the account had been closed.  Thereafter, the defendant made no attempt to pay back the money he had withdrawn.  In addition, some of the identification information that the defendant had provided to Metro Credit Union when he opened his accounts was incorrect.[1]  Specifically, both the social security number and mother's maiden name were incorrect.

---

[1] The defendant did, however, provide his correct Massachusetts identification card and address.

1. <u>Larceny</u>. In order to sustain a conviction for larceny, the Commonwealth must prove "that a defendant took the personal property of another without the right to do so, and 'with the specific intent to deprive the other of the property permanently.' <u>Commonwealth</u> v. <u>Murray</u>, 401 Mass. 771, 772 (1988)." <u>Commonwealth</u> v. <u>Liebenow</u>, 470 Mass. 151, 156 (2014). Property, as defined by G. L. c. 266, § 30, includes an "order or certificate." The defendant contends that the Commonwealth failed to present sufficient evidence to prove his specific intent to commit larceny. We disagree.

Viewing the evidence in the light most favorable to the Commonwealth, <u>Commonwealth</u> v. <u>Latimore</u>, 378 Mass. 671, 676-677 (1979), the jury permissibly could have found that the defendant committed a larceny and that he had the specific intent to deprive Metro Credit Union of its property permanently. We note that the defendant left the bank with $600 in cash and failed to cure the defects in the checks after they were returned to Metro Credit Union. Cf. <u>Commonwealth</u> v. <u>Klein</u>, 400 Mass. 309, 312 (1987) (conviction of larceny pursuant to G. L. c. 266, § 37, affirmed where inference of intent to defraud and knowledge of insufficient funds where maker of returned check fails to cure within two days). In addition, in finding fraudulent intent, the jury reasonably could consider that the defendant was likely to know that his closed and recently opened bank accounts did

not contain $30,000; that he opened six separate bank accounts at the same time; and that he provided a false social security number and a false maiden name for his mother. As "the Commonwealth may rely on reasonable inferences drawn from circumstantial evidence," the evidence here was sufficient to convict the defendant of larceny over $250. Commonwealth v. Degro, 432 Mass. 319, 325 (2000).

2. Uttering. The defendant next argues that the Commonwealth failed to provide sufficient evidence to support a conviction for uttering a false instrument. We agree. In order to support a conviction for uttering, the Commonwealth must show that the defendant: "(1) offer[ed] as genuine; (2) an instrument; (3) known to be forged; (4) with the intent to defraud." Commonwealth v. O'Connell, 438 Mass. 658, 664 n.9 (2003), quoting from Commonwealth v. Levin, 11 Mass. App. Ct. 482, 496 (1981). See G. L. c. 267, § 5 ("Whoever, with intent to injure or defraud, utters and publishes as true a false, forged or altered record, deed, instrument or other writing mentioned in the four preceding sections, knowing the same to be false, forged or altered, shall be punished.").

Here, looking at the evidence in the light most favorable to the Commonwealth, the defendant wrote and deposited checks totaling $30,000 knowing that he did not have sufficient funds to cover the checks. However, the checks were written from his

own accounts and they were not forged, false, or altered. That is, the Commonwealth has not challenged the genuineness of the checks themselves drawn on the defendant's accounts held at both TD Bank and East Boston Savings Bank. Nor is there a dispute about authenticity of the defendant's signature, which appears on the front of each of the six checks presented for deposit. The Metro employee, Ms. Romero, testified that the defendant endorsed the back of the checks prior to her depositing each.

The Commonwealth invites us to construe § 5 broadly to include the defendant's behavior. We decline. In a persuasive case, the United States Supreme Court in Williams v. United States, 458 U.S. 279, 284 (1982), held that writing a check with knowledge that there are insufficient funds to cover it cannot support a conviction for making false statements to a financial institution, as "a check is not a factual assertion at all, and therefore cannot be characterized as 'true' or 'false.'" Additionally, "[a]s defined by the Uniform Commercial Code, a check is simply 'a draft drawn on a bank and payable on demand, which contains an unconditional promise or order to pay a sum certain in money."[2] Id. at 285 (citations omitted).[3]

---

[2] In addition, Massachusetts has adopted the Uniform Commercial Code's definition for a "check." See U.C.C. § 3-104(2)(b) (1977).

[3] See also Commonwealth v. Perez, 89 Mass. App. Ct. 51, 57-58 (2016) (accepting reasoning of Williams in evaluating whether

Although Williams interprets a Federal statute, it is still instructive, and the Massachusetts cases interpreting the statute do not hold otherwise.  Compare O'Connell, supra (defendant convicted of uttering for forging his father's signature on five checks); Commonwealth v. Gall, 58 Mass. App. Ct. 278, 290 (2003) (defendant uttered falsified certificates of insurance to clients showing proof of workers' compensation coverage).

Finally, Massachusetts has a bad check statute, G. L. c. 266, § 37, which permits the inference that the Legislature did not intend for defendants to be punished under the uttering statute for writing bad checks.  "Under the rule of lenity, we interpret ambiguous statutory language in a criminal defendant's favor." Commonwealth v. Coppinger, 86 Mass. App. Ct. 234, 239 (2014).  We are satisfied that there was insufficient evidence to support the defendant's conviction for uttering.

The judgment on count 1, larceny over $250, is affirmed. The judgment on count 2, uttering, is reversed, the verdict is set aside, and judgment shall enter for the defendant.

So ordered.

---

statements included in bank withdrawal or deposit slips constituted hearsay).