NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-678

COMMONWEALTH

vs.

CONSTANTINE G. THOMPSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, the defendant, Constantine G. Thompson, was convicted of assault and battery on a family or household member and larceny from a person. On appeal, he claims his trial counsel was ineffective because she failed to secure the presence of a State police witness who purportedly would have testified that the stolen property that gave rise to his larceny conviction was not found during an inventory search of his vehicle at the time of his arrest. We affirm.

Background. We summarize the evidence adduced at trial,[1] and reserve specific facts for later discussion. The defendant and victim were in a relationship in 2019. Around 7 A.M. on

_____

[1] The Commonwealth called the victim, the victim's coworker, and Northborough police Sergeant Sean Montville as trial witnesses. The defendant neither testified nor called any witnesses.

November 27, 2019, the defendant drove to the victim's workplace to confront her about something that had occurred the prior evening. On arrival, the defendant approached the victim's car, where he found her sitting in the driver's seat. The victim rolled down her window to speak with the defendant, and during their interaction the defendant suddenly punched her face. The defendant then opened the door, pushed the victim, and punched her a second time before she escaped through the passenger side door. Once outside her car, the victim yelled to a coworker to call 911. The defendant took the victim's phone before returning to his own vehicle and leaving the scene.

Sergeant Sean Montville responded to the scene and observed visible injuries to the victim's face and hand. Montville did not see or later interact with the defendant, and he testified that had no personal knowledge whether the police recovered the victim's phone from either the defendant or his vehicle. When defense counsel sought the trial judge's permission to approach Montville with what she asserted was a vehicle inventory report generated on the search of the defendant's vehicle, the judge asked her for an offer of proof. The following exchange ensued:

> Defense counsel: "I think the offer of proof, Your Honor, is there's no phone."
>
> Judge: "There's no phone."
>
> Defense counsel: "There's no phone. There's no phone recovered."

2

Judge:  "In the car?"

Defense counsel:  "In the car, there's a personal property inventory that I would offer [as] proof next that shows a cell phone that doesn't indicate what they've done with it. Is it her phone, it is his phone?  There's an allegation that he's taken something that nobody seems to know where it is to prove that he had it."

Based on defense counsel's proffer, the judge foreclosed this line of questioning after finding Montville had no personal knowledge as to the recovery of the phone.  The inventory report referenced by counsel was neither marked for identification nor admitted in evidence.

The defendant now claims that trial counsel provided ineffective assistance because she failed to summons a State police witness to testify that the victim's cell phone was not recovered during an inventory search of the defendant's vehicle. The defendant contends this testimony would have cast doubt on the victim's credibility and established reasonable doubt as to the larceny charge.

Discussion.  A successful claim for ineffective assistance of counsel requires a showing that (1) the "behavior of counsel [fell] measurably below that which might be expected from an ordinary fallible lawyer" and (2) such failing "likely deprived the defendant of an otherwise available, substantial ground of defence."  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Where, as here, an ineffective assistance claim is raised for

3

the first time in the defendant's direct appeal, our review is limited to what is contained in the trial record.  See Commonwealth v. Zinser, 446 Mass. 807, 811 (2006).  Relief may only be afforded if "the factual basis of the claim appears indisputably on the trial record -- that is, where the issues do not implicate any factual questions more appropriately resolved by a trial judge."  Commonwealth v. Keon K., 70 Mass. App. Ct. 568, 573-574 (2007).  See Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002).  For the reasons discussed below, the defendant cannot make the required showing.

As an initial matter, we note that the vehicle inventory report on which the defendant seeks to rely is not properly before us because it was never admitted in evidence at trial or otherwise made part of the record.  See Commonwealth v. Core, 370 Mass. 369, 371 (1976).  Nothing in the record before us indisputably establishes that the victim's phone was absent from the defendant's car when the police searched it.  To the contrary, counsel remarked at trial that a police personal property inventory report indicated that a phone was found in the defendant's car, albeit without identifying whether it belonged to the victim or the defendant.  The factual premise of the defendant's ineffective assistance argument -- that the police did not recover the victim's phone during an inventory search of the defendant's car -- simply has not been

4

established.  Because the factual basis for the defendant's claim does not "appear[] indisputably on the trial record," Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994), it does not fall "within that narrow category of claims that an appellate court can resolve on the trial record alone."  Zinser, 446 Mass. at 811-812.

Even assuming arguendo that the factual basis for the defendant's claim -- that the police did not recover the victim's phone from the defendant's vehicle -- was indisputably evident from the trial record, the defendant has not adequately explained how this evidence would have afforded him a substantial defense at trial.  First, the Commonwealth did not present any evidence that the victim's phone had, in fact, been recovered from either the defendant or his vehicle.  Trial counsel emphasized this point at the outset of her closing argument by stating, "We don't know where the phone is, there was no evidence given that, you know, where the phone wound up, what happened to it. . . .  [I]t can't be left up to speculation."  Given counsel's ability to highlight the Commonwealth's inability to account for the phone, it is unlikely the addition of direct testimony concerning the nonrecovery of the phone in the defendant's vehicle would have influenced the judge.  See Commonwealth v. Watkins, 473 Mass. 222, 239 (2015), quoting Commonwealth v. Freeman, 442 Mass. 779,

5

791 (2004) ("When addressing ineffective assistance of counsel claims, we 'consider whether there was an error in the course of trial, and if so, whether such error was likely to have influenced the [fact finder's] conclusion'").

The defendant also argues that the victim's credibility would have been cast in doubt had defense counsel established that her phone was not found in the defendant's car. We disagree given the strength of the Commonwealth's case. Although the Commonwealth offered no corroborative evidence to the victim's specific claim that the defendant took her phone, both the eyewitness testimony and photographic exhibits[2] corroborated significant portions of her account of the assault and battery, thus bolstering her credibility. In fact, the judge commented that the testimony of all of the Commonwealth's witnesses was "[s]ome of the most compelling testimony [he] ever had as a judge." Furthermore, the judge, after announcing the verdict, stated that he "found [the victim] to be incredibly credible," and had believed her testimony.[3] On the record before us, we remain unpersuaded that the judge's assessment of the

---

[2] The Commonwealth introduced into evidence three photographs, taken soon after the victim's reported assault, purportedly depicting injuries the victim received from the assault.

[3] Credibility determinations by the judge who "heard the testimony of the parties . . . [and] observed their demeanor" are entitled to the utmost deference. Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929(1999).

victim's credibility would have changed substantially if defense counsel had called a witness to establish the victim's phone was not recovered from the defendant's vehicle.

Finally, we acknowledge the Commonwealth's assertion that it was not required to prove the defendant retained possession of the phone after taking it from the victim.  See G. L. c. 266, § 25 (b); Commonwealth v. Murray, 401 Mass. 771, 772 (1988) ("Larceny is the taking without right of the personal property of another with the specific intent to deprive the other of the property permanently").

Therefore, even accepting the factual basis for the defendant's claim of ineffective assistance of counsel, the claim fails because the defendant was not deprived of an available and substantial defense, especially given the strength of the Commonwealth's case.  See Saferian, 366 Mass. at 96.

Judgments affirmed.

By the Court (Milkey, Neyman & Smyth, JJ.[4]),

Joseph F. Stanton

Clerk

Entered:  May 4, 2023.

---

[4] The panelists are listed in order of seniority.